FILED
JANUARY 30, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

08 C 672

UBID.COM HOLDINGS, INC. and UBID, INC.,

Plaintiffs,

vs.

MARTIN RANDOLPH FIKE, AUCTION LOGISTIX, L.L.C., and CONSUMER DEPOT, LLC, individually and collectively d/b/a UBID-IT,

Defendants.

**Case No. ___________________**

**Complaint For Injunctive Relief and Damages**

JUDGE DOW
MAGISTRATE JUDGE COLE

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

uBid.com Holdings, Inc. and uBid, Inc., for their Complaint against defendants Martin Randolph Fike, Auction Logistix, L.L.C. and Consumer Depot, LLC, individually and collectively d/b/a UBID-IT, allege as follows:

**PARTIES**

1. Plaintiff uBid.com Holdings, Inc. is a corporation organized under the laws of Delaware and maintains its principal place of business at 8725 West Higgins Road, 9th Floor, Chicago, Illinois 60631. Through its subsidiaries, including uBid, Inc., uBid.com Holdings, Inc. operates one of the world's foremost online marketplaces, <ubid.com>.

2. Plaintiff uBid, Inc. (together with uBid.com Holdings, Inc. and their respective predecessor companies, "uBid") is a corporation organized under the laws of Delaware and maintains its principal place of business at 8725 West Higgins Road, 9th Floor, Chicago, Illinois 60631. uBid is the proprietor of and operates one of the world's foremost online marketplaces, <ubid.com>.

3. Defendant Consumer Depot, LLC d/b/a UBID-IT ("Consumer Depot") is a limited liability company with its principal place of business at 3332 Powell Avenue, Nashville, Tennessee 37204. Upon information and belief, Consumer Depot has been administratively dissolved on at least three previous occasions for failing to observe filing and reporting requirements enforced by the Tennessee Secretary of State, but has been reinstated and is currently registered with the Tennessee Secretary of State.

4. Defendant Auction Logistix, L.L.C. d/b/a UBID-IT ("Auction Logistix") is a limited liability company with its principal place of business at 3332 Powell Avenue, Nashville, Tennessee 37204. Upon information and belief, at all times relevant hereto, Auction Logistix has actively participated in Consumer Depot's and Martin Fike's business activities, including without limitation by advertising defendants' services offered under the UBID-IT designation and facilitating payments for items sold by defendants under the UBID-IT designation.

5. Defendant Martin Randolph Fike ("Fike") is an individual who, upon information and belief, resides at 1212 Beddington Pike, Nashville, Tennessee 37215, and has a place of business at 3332 Powell Avenue, Nashville, Tennessee 37204. Upon information and belief, Fike is an owner, operator, founder, officer, director, employee, agent and manager of defendants Auction Logistix and Consumer Depot, and personally and actively directs, participates in, controls and benefits from the activities and operations of Consumer Depot and Auction Logistix. Upon information and belief, Fike personally and actively directed, controlled, participated in and benefited from the conduct of Consumer Depot and Auction Logistix alleged in this Complaint, and has had the authority to control and stop their unlawful conduct.

6. Upon information and belief, and as set forth more fully herein, Fike, Consumer Depot and Auction Logistix have individually and collectively been doing business under the UBID-IT designation. (Fike, Consumer Depot and Auction Logistix are hereinafter collectively

referred to as "UBID-IT" or "Defendants.") Upon information and belief, Defendants have corresponded with, accepted payment from and shipped goods to consumers located throughout the United States, including customers located in this Judicial District, and accordingly are doing business in this Judicial District.

**JURISDICTION AND VENUE**

7. This is an action arising in part under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and Illinois statutory and common law.

8. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) in that it involves an action arising under the Lanham Act. This Court also has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum $75,000 and is between citizens of different states. This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that, upon information and belief, a substantial part of the activities giving rise to the claims alleged herein occurred in this Judicial District, and a substantial part of property that is the subject of the action is situated in this Judicial District.

**NATURE OF THE CASE**

uBid brings this action to protect some of its most valuable assets, namely, the goodwill and consumer recognition associated with its UBID name and service marks, which uBid has used for many years in connection with its online marketplace <ubid.com> and services relating thereto. As described more fully below, without uBid's authorization or consent, and with full knowledge of uBid's prior use of and rights in the UBID name and marks, Fike and Consumer Depot registered the <ubid-it.com> domain name in bad faith, and Defendants thereafter began using that domain name in connection with their retail, internet retail and auction services, as

well as their internet auction consignment services, all of which Defendants have promoted and provided in connection with the UBID-IT designation.

In fact, as set forth more fully below, Defendants have engaged in an ever-mounting campaign to trade on the substantial goodwill associated with plaintiff's UBID name and marks and to confuse the public as to the source, affiliation and sponsorship of Defendants' services. As a result of their conduct, Defendants have created circumstances whereby members of the public are likely to be confused and led to erroneously believe that Defendants and their services are somehow sponsored by or affiliated with uBid, or that uBid has otherwise endorsed Defendants and their services. In addition, upon information and belief, the deceptive business practices employed by Defendants have spawned innumerable consumer complaints and prompted the Tennessee Attorney General to file suit against Defendants and their associates, thus further damaging plaintiff's UBID name and marks, business and goodwill. In view of the foregoing, and Defendants' refusal to cease their unauthorized and unlawful conduct, uBid has been forced to bring this action to protect its business and valuable UBID name and marks, as well as the enormous goodwill that uBid has generated therein.

## COMMON ALLEGATIONS

### (uBid's Business and UBID Name and Marks)

10.     As stated above, uBid is the proprietor of one of the world's foremost online marketplaces, <ubid.com>. Through its website maintained at <ubid.com>, uBid offers new, close-out, overstock and refurbished merchandise to consumers and businesses through both trusted auction-style transactions as well as fixed price sales. More specifically, through its online trading and retail services, uBid offers brand-name merchandise spanning over 200 merchandise categories, including without limitation computer products, consumer electronics,

apparel, housewares, watches, jewelry, travel, sporting goods, home improvement products and collectibles.

11. uBid has successfully operated its <ubid.com> online marketplace for ten years in connection with its UBID name and marks. Indeed, since it was founded in 1997, uBid has registered over 5 million customers and sold over $1 billion dollars of merchandise. uBid currently attracts over 2 million unique visitors to its website maintained at <ubid.com> each month, and uBid.com Holdings, Inc.'s stock is publicly traded on the NASD OTC Bulletin Board under the symbol UBHI.OB.

12. As a result of uBid's extensive and continuous use and promotion of the UBID name and marks in connection with its services, the UBID name and marks have acquired a distinctiveness and secondary meaning signifying uBid, and uBid has built up and now owns the valuable goodwill symbolized by the UBID name and marks. As a result of the brand recognition, consumer trust and goodwill that uBid has engendered in the UBID name and marks through its successful management and promotion of its <ubid.com> online marketplace, the UBID name and marks are among uBid's most valuable assets.

13. As a part of its efforts to protect the integrity of the UBID name and marks, and in order to further promote its services, on November 27, 1996, uBid registered the <ubid.com> domain name. This domain name has been in continuous use by uBid as the official website for its online marketplace since 1997. Copies of representative pages from uBid's website maintained at <ubid.com> are attached hereto collectively as Exhibit 1.

14. In order to further protect its significant and protectable common law rights in its UBID name and marks, and to further promote its business and services, uBid has sought to register several of its UBID marks in connection with a variety of services in the United States Patent and Trademark Office, including the following:

| Mark | Registration No. / Application No. | Goods and Services |
| --- | --- | --- |
| UBID | Reg. No. 2,229,515 | Disseminating advertising for others and promoting the goods and services of others through the distribution of printed publications and via on-line telecommunications networks; telephone shop-at-home services, mail-order catalog services, retail store services and electronic retailing services via global computer network, all in the field of computer-related products, namely, hardware, software, peripherals, accessories, supplies, books and instructional materials. |
| UBID | Reg. No. 2,519,050 | Disseminating advertising matter for others via electronic communications networks and promoting the goods and services of others through banner advertis[e]ments and through the electronic promotion of and auctioning of the goods and services of others online via the global computer network; electronic retailing services by auction and other means, namely, online retail store and auction services in the fields of computer-related, electronic, home appliance, home improvement, automotive, sports and recreational products, offered via the global computer network. |
| UBID.COM THE BRAND NAME MARKETPLACE | Reg. No. 3,048,683 | [O]n-line trading services in which the seller posts products to be auctioned and bidding is done via the Internet; on-line retail store services featuring consumer electronics, computer products and multimedia entertainment products. |

| Mark | Registration No. / Application No. | Goods and Services |
|---|---|---|
| UBID THE MARKETPLACE YOU CAN TRUST | Reg. No. 3,065,399 | On-Line Trading Services in Which the Seller Posts Products to be Auctioned and Bidding is Done Via the Internet; On-Line Retail Store Services Featuring Consumer Electronics, Computer Products, and Multimedia Entertainment Products |
| UBID.COM | Reg. No. 2,991,806 | [O]n-line trading services in which the seller posts products to be auctioned and bidding is done via the Internet; on-line retail store services featuring consumer electronics, computer products and multimedia entertainment products |
| uBid.com (Stylized) | Appln. No. 77/313,267 (Pending) | Online trading services in which the seller posts products to be auctioned and bidding is done via the internet; online retail store services featuring consumer electronics, computer-related products, home appliances, home improvement, automotive, sports and recreational, multimedia entertainment, toys, jewelry, fragrances, skin care, cosmetics, purses, hand bags, wallets, sunglasses, hats, tools, art, furniture, storage, organization, pet supplies, crafts, food and wine, gardening and planting supplies, and lawn and garden decor |

15. One of the cornerstones of uBid's business is the trusted buying environment that it offers its customers. Although uBid offers trusted auction-style transactions as well as fixed price sales, it does not function like a traditional auctioneer. Instead, in order to eliminate fraud by sellers and ensure a trusted business environment, uBid offers two alternatively-modeled marketplaces on <ubid.com>, namely, (a) the UBID Direct Marketplace, where uBid itself is the

seller of the products offered, and (b) the UBID Certified Merchant Marketplace, where certified merchants who have been through a thorough application and verification process list their items for sale directly on <ubid.com>, and uBid handles all payment processing and uBid's customer care department provides assistance for all issues to ensure that its customers have a positive retail experience. uBid's reputation for providing a trusted buying environment for its customers differentiates it from the auction websites with which it competes, including eBay, and is critical to the continued growth and vitality of uBid's business.

**(Defendants' Business and Wrongful Conduct)**

16. Upon information and belief, Fike and Consumer Depot offer various electronic and consumer goods for sale to the general public through Consumer Depot's retail facility and Consumer Depot's websites, affiliate websites, and through the third-party internet auction website <eBay.com>, uBid's largest competitor. Upon information and belief, Consumer Depot and Fike obtain their inventory through bulk purchases of overstocked inventory, customer returns, open box items, liquidated, damaged, defective, malfunctioning and broken items from larger retailers and then offer them for sale to the public through their retail operation and/or through their websites and online auctions.

17. In or about April 1999, and long after uBid's first use of the UBID name and marks in commerce with its online trading and online retail store services, and its acquisition of secondary meaning therein, Fike and Consumer Depot registered the domain name <ubid-it.com>. As set forth more fully below, Defendants thereafter engaged in an ever-mounting campaign to trade on the substantial goodwill associated with uBid's services and business, and to confuse the public as to the source, affiliation and sponsorship of Defendants' services. Through their conduct, Defendants have damaged plaintiff's UBID name and marks, business and goodwill.

**(uBid's Objection to Defendants' Wrongful Conduct)**

18. In or about May 2007, uBid and its counsel became aware of Fike's and Consumer Depot's registration of the domain name <ubid-it.com> and Defendants' use of that domain name and the designation UBID-IT in connection with auction consignment services and online auctions that it conducts through <eBay.com>, which is uBid's largest competitor. Print-outs of representative pages from the website currently maintained at <ubid-it.com> are attached hereto collectively as Exhibit 2. In addition to using the block form of the designation UBID-IT, Defendants also use the UBID-IT designation in a blue and red stylized form that is confusingly similar to the stylized form of plaintiff's UBID mark that uBid has used with its online trading and online retail store services since 1997, and which is the subject of a pending federal service mark application.

19. The website maintained at <ubid-it.com> boasts that "Ubid-It has the honor of being among the largest eBay sellers in America," and that its "operations are responsible for over 20,000 eBay auctions per month." <ubid-it.com> website also identifies UBID-IT as an "eBay Power Seller," and print-outs from representative online auctions held by Defendant on eBay under the UBID-IT designation confirm that Defendants accept payment from and ships goods to winning bidders located anywhere in the United States.

20. On May 25, 2007, uBid's counsel sent a letter to Fike via email and Federal Express demanding that he cease use of the <ubid-it.com> domain name and the designation UBID-IT and immediately transfer the <ubid-it.com> domain name to uBid. Fike did not respond to the May 25, 2007 demand letter.

21. Over the ensuing months, uBid's counsel sent numerous emails to Defendants, left numerous voicemail messages for Defendants at their place of business, and even sent emails

to Defendants through the "mail to" link on the website maintained at <ubid-it.com>. Notwithstanding Defendants' representation on its outgoing voicemail message that its representative would return telephone calls within 24 hours and respond to emails submitted through <ubid-it.com> the next business day, Defendants did not timely respond to uBid's counsel's various messages and emails.

22. When Fike did finally respond to uBid's various communications several months after he received its initial demand, Fike refused to cease the unauthorized use of <ubid-it.com> and the designation UBID-IT. In a final attempt to resolve this matter without resorting to litigation, uBid's counsel sent a final letter to Fike on November 14, 2007. Although uBid's counsel received electronic confirmation that Fike received and read counsel's most recent letter, Defendants have failed to respond.

**(Defendants' Historical Misappropriation and Wrongful Conduct)**

23. In addition to its current misappropriation of plaintiff's UBID name and marks, uBid recently learned that Defendants' use of <ubid-it.com> and the designation UBID-IT evolved over time, demonstrating Defendants' ever-mounting campaign to trade on the substantial goodwill associated with uBid's services and business and to confuse the public as to the source, affiliation and sponsorship of Defendants' services and business.

24. Archived internet records confirm that Defendants initially used the website associated with <ubid-it.com> for direct internet sales of liquidated computers and related products to consumers under the designation CONSUMER DEPOT. A crawler at the bottom of the February 26, 2001 version of that website read "Welcome to Consumer Depot. We hope you enjoy shopping with us for some of the best computer products available." Upon information and belief, Defendants also used <ubid-it.com> to divert internet users to Consumer Depot's

main website maintained at <consumerdepot.com>, which Defendants also used for their direct internet sales of liquidated computers and related products to consumers.

25. Then, in August 2003, archived internet records show that Defendants started using the website maintained at <ubid-it.com> to process payments from Defendants' auctions conducted on <eBay.com>, uBid's largest competitor. Those archived pages further confirm that Defendants: (a) had expanded their unauthorized use of plaintiff's UBID name and mark to include use of the designation UBID-IT with "e-commerce processing and payment services"; (b) had begun to use the designation UBID-IT in a stylized red and blue form that is confusingly similar to the red and blue stylized presentation of the UBID mark that uBid has used since 1997; and (c) even fraudulently identified "Ubid-it" as a federally-registered mark by displaying it with the ® symbol.

26. Archived internet records also confirm that, from in or around September 2004 until mid-August 2006, the website associated with <ubid-it.com> was under construction. Then, upon information and belief, on or about August 19, 2006, Defendants re-launched the <ubid-it.com> website in the form that it takes today, namely, a site promoting and offering online auction consignment services and online auction services under the designation UBID-IT.

27. In addition, upon information and belief, Defendants' deceptive conduct undertaken in connection with the UBID-IT designation has spawned numerous consumer complaints to the Tennessee Division of Consumer Affairs, the Better Business Bureau, the Internet Fraud Complaint Center and/or the Tennessee Attorney General's Office. Furthermore, the Tennessee Attorney General has filed suit against Defendants for their deceptive advertising and marketing and other unfair and deceptive business practices in connection with their retail and internet sales of products.

**(Defendants' Conduct Is Unlawful)**

28. Since any alleged offer of goods or services utilizing <ubid-it.com> and the designation UBID-IT was undertaken in an attempt to confuse consumers and to trade upon plaintiff's UBID name and marks, Defendants have failed to use <ubid-it.com> or the UBID-IT designation in connection with the *bona fide* offering of goods or services.

29. Defendants' pattern of conduct is likely to confuse, to cause mistake or to deceive in that members of the public are likely to believe that uBid is the source of, has endorsed or approved, or is somehow otherwise legitimately associated with Defendants or their services, thereby injuring uBid's name, business and goodwill. Defendants' pattern of misrepresentations and deceptive business practices have further injured plaintiff's UBID name and marks, business and goodwill.

30. Furthermore, Defendants' intentional use of plaintiff's UBID name and marks attracts consumers with an initial interest in uBid's online marketplace, and even if those consumers ultimately become aware that Defendants are not sponsored by or affiliated with uBid, Defendants have already benefited from initial interest confusion.

31. In light of Defendants' ongoing and escalating wrongful conduct, as well as its refusal to cease its unauthorized use of plaintiff's UBID name and mark, uBid now has no choice but to protect its rights in its valuable UBID name and mark through this action.

**COUNT I**

**SERVICE MARK INFRINGEMENT**
**(15 U.S.C. § 1114(a))**

32. uBid realleges and incorporates herein paragraphs 1 through 31 of this Complaint.

33. Defendants had constructive knowledge of uBid's ownership of and rights in its federally-registered marks comprised of the term UBID pursuant to 15 U.S.C. § 1072 prior to

Defendants' unauthorized use of a designation that is confusingly similar to uBid's registered marks. Furthermore, upon information and belief, Defendants and their agents also had actual knowledge of uBid's ownership of and rights in its federally-registered marks comprised of the term UBID prior to Defendants' unauthorized conduct complained of herein.

34. Defendants have deliberately and willfully used <ubid-it.com> and the designation UBID-IT in connection with the same and complimentary services with which uBid uses its UBID name and marks in an attempt to trade upon the enormous goodwill, reputation, and selling power established by uBid under its UBID name and marks, and to pass their services off as uBid's services.

35. uBid has not consented to, and has in fact objected to, Defendants' use of <ubid-it.com> and the designation UBID-IT in connection with the promotion of Defendants' business and the provision of their services.

36. Defendants' unauthorized use of <ubid-it.com> and the designation UBID-IT in connection with Defendants' promotion and provision of its services is causing, and is likely to cause in the future, confusion, mistake or deception as to the affiliation, connection or association of Defendants with uBid in violation of 15 U.S.C. § 1114.

37. The intentional nature of the aforementioned acts renders this an exceptional case under 15 U.S.C. § 1117(a).

38. As a result of Defendants' aforesaid conduct, uBid has suffered substantial damage and irreparable harm constituting an injury for which uBid has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, uBid will continue to suffer irreparable harm.

## COUNT II

### FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

39. uBid realleges and incorporates herein paragraphs 1 through 38 of this Complaint.

40. Defendants have deliberately and willfully used the <ubid-it.com> domain name and the designation UBID-IT in an attempt to trade on the enormous goodwill, reputation, and selling power developed by uBid in connection with its online retail and trading services and its UBID name and marks, as well as in order to confuse consumers as to the origin and sponsorship of Defendants' services.

41. Defendants' unauthorized and tortious conduct also has deprived uBid of the ability to control the consumer perception of its services marketed and provided under its UBID name and marks, placing the valuable reputation and goodwill of uBid in the hands of Defendants, over whom uBid has no control.

42. Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with uBid, and as to the origin, sponsorship or approval of Defendants and their services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

43. The intentional nature of the aforementioned acts renders this an exceptional case under 15 U.S.C. § 1117(a).

44. As a result of Defendants' aforesaid conduct, uBid has suffered substantial damage and irreparable harm constituting an injury for which uBid has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, uBid will continue to suffer irreparable harm.

**COUNT III**

**CYBER PIRACY**
**(15 U.S.C. § 1125(d))**

45. uBid realleges and incorporates herein paragraphs 1 through 44 of this Complaint.

46. uBid is the owner of the distinctive UBID name and marks, and owns several federal registrations for marks comprised of the term UBID. uBid began providing its services under its UBID name and marks long prior to the activities of Defendants complained of herein.

47. Fike and Consumer Depot registered, and Defendants have used, the <ubid-it.com> domain name, which is virtually identical to uBid's distinctive UBID name and marks. At the time Fike and Consumer Depot registered <ubid-it.com>, plaintiff's UBID name and marks had already achieved renown.

48. Fike and Consumer Depot registered, and Defendants have used, the <ubid-it.com> domain name with a bad faith intent to profit from plaintiff's UBID name and marks.

49. Defendants have no legitimate trademark rights nor any other legitimate interest in <ubid-it.com>, which has been registered and used in order to trade upon the goodwill associated with plaintiff's UBID name and marks. Defendants also are not making a legitimate, noncommercial or fair use of <ubid-it.com>.

50. In registering and using <ubid-it.com>, Defendants have intentionally attempted to attract internet users to Defendants' website and business by creating a likelihood of confusion with plaintiff's UBID name and marks as to the source, sponsorship, affiliation or endorsement of Defendants' services.

51. Defendants' use of the <ubid-it.com> domain name in connection with their services and auctions conducted on <eBay.com> further confuses customers by leading them to

believe that uBid endorses, sponsors, or is otherwise associated with Defendants and/or their biggest competitor, eBay.

52. Defendants' wrongful conduct violates the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

53. As a result of Defendants' aforesaid conduct, uBid has suffered substantial damage and irreparable harm constituting an injury for which uBid has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, uBid will continue to suffer irreparable harm.

## COUNT IV

## COMMON LAW SERVICE MARK INFRINGEMENT

54. uBid realleges and incorporates herein paragraphs 1 through 53 of this Complaint.

55. uBid is the owner of valid common law rights in its well-known UBID name and marks, including without limitation the UBID mark (in block form), the UBID.COM mark (in block form) and the UBID.COM mark (in stylized form), in connection with online retail and trading services, among other services. uBid has used its UBID name and marks continuously in connection with the provision of its online retail and trading services, among other services, since 1997. Beginning before that time and continuing to the present, uBid has expended substantial effort and resources in promoting and advertising its UBID name and marks, thereby generating valuable goodwill in its service marks.

56. After uBid's adoption and first use of its UBID name and marks, and after such marks had become distinctive, Defendants began using a domain name and designation comprised primarily of the term UBID in connection with the provision of retail services, online retail services, online auction services and auction consignment services in an attempt to trade

upon the enormous goodwill and reputation established by uBid under its UBID name and marks.

57. Defendants' use of a domain name and designation that are substantially identical to plaintiff's UBID name and marks with the same and complimentary services for which uBid uses its UBID name and marks is likely to cause confusion, to cause mistake, or to deceive the public in violation of Illinois common law.

58. Upon information and belief, Defendants had actual notice of uBid's prior use of and rights in its UBID name and marks before Defendants' first use of their confusingly similar <ubid-it.com> domain name and UBID-IT designation. Therefore, Defendants' infringement of plaintiff's UBID name and mark is willful.

59. uBid has not consented to, and has in fact objected to, Defendants' use of the <ubid.it.com> domain name and the designation UBID-IT in connection with Defendants' services.

60. As a result of Defendants' willful and malicious actions, uBid has suffered irreparable harm for which it has no adequate remedy at law. Unless enjoined, Defendants will continue to harm uBid's business, causing further irreparable harm to uBid for which there is no adequate remedy at law.

## COUNT V

## VIOLATION OF THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT (815 ILCS 510/1 *et seq.*)

61. uBid realleges and incorporates herein paragraphs 1 through 60 of this Complaint.

62. Defendants' actions complained of herein constitute deceptive trade practices in violation of 815 ILCS 510/2(a) in that they are likely to cause confusion or misunderstanding as to source, sponsorship of approval of Defendants' services. Defendants' deceptive conduct also

creates a likelihood of confusion as to the affiliation, connection or association of its services with uBid's well-known online retail and online trading services provided in connection with its UBID name and marks.

63. Upon information and belief, Defendants had actual notice of uBid's ownership of and rights in its UBID name and marks before Defendants' first use of the confusingly similar <ubid-it.com> domain name and UBID-IT designation. Accordingly, Defendants have willfully engaged in deceptive trade practices in violation of Illinois law.

64. As a result of Defendants' willful and malicious conduct, uBid is likely to suffer, and has in fact already suffered, irreparable harm for which it has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, uBid will continue to suffer irreparable harm.

## COUNT VI

## UNFAIR COMPETITION

65. uBid realleges and incorporates herein paragraphs 1 through 64 of this Complaint.

66. Defendants' use of a domain name and designation that is substantially identical to plaintiff's UBID name and marks in connection with the same and complimentary services with which uBid uses its UBID name and marks is likely to confuse and deceive the public by allowing Defendants to pass off their services and business as being affiliated with, sanctioned by or authorized by uBid.

67. Defendants have willfully and intentionally misappropriated and exploited the valuable intellectual property rights and goodwill of uBid in its UBID name and marks. As a result of their wrongful actions, Defendants will be unjustly enriched.

68. Defendants' acts described above constitute unfair competition in violation of Illinois common law, as the aforementioned acts amount to an intentional misappropriation of plaintiff's UBID name and marks, reputation and commercial advantage.

69. As a result of Defendants' aforesaid conduct, uBid has suffered substantial damage and irreparable harm constituting an injury for which uBid has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, uBid will continue to suffer irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, as to all Counts of this Complaint, uBid.com Holdings, Inc. and uBid, Inc. request that this Court enter a judgment and declaration in favor of uBid and against Defendants as follows:

A. Ordering that <ubid-it.com> be immediately transferred to uBid.com Holdings, Inc.; and

B. Preliminarily and permanently enjoining and restraining Defendants, all entities under their respective control, as well as their respective parents, subsidiaries, licensees, owners, directors, officers, partners, assigns, related entities, predecessors, successors, employees, representatives, trustees, receivers, agents, and any other persons or entities acting on behalf of Defendants or with Defendants' authority, from:

(1) using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark, user name, screen name, seller name, Internet domain name or other designation of origin that is comprised in whole or in part of the term UBID, or any term confusingly similar thereto, including without limitation phonetic equivalents of the term UBID; or

(2) doing any act or thing that is likely to induce the belief that Defendants' goods, services, or activities are in some way connected with uBid.com Holding, Inc.'s and/or uBid, Inc.'s respective businesses, or that is likely to injure or damage plaintiff's UBID name and marks; and

C. Requiring that Defendants:

(1) reimburse uBid.com Holdings, Inc. and uBid, Inc. for all damages they have suffered by reason of Defendants' acts complained of herein;

(2) remit to uBid.com Holdings, Inc. and uBid, Inc. exemplary damages;

   (3) reimburse uBid.com Holdings, Inc. and uBid, Inc. for the costs they have incurred in bringing this action, together with their reasonable attorneys' fees and disbursements; and

  D. Requiring that uBid.com Holdings, Inc. and uBid, Inc. be awarded such other and further relief as this Court may deem equitable.


Dated: January 30, 2008           /s/ Lee J. Eulgen
                    One of the Attorneys for Plaintiffs, uBid.com Holdings, Inc. and uBid, Inc.


Lee J. Eulgen (ARDC No. 6242858)
Sarah E. Smith (ARDC No. 6273071)
Gregory J. Leighton (ARDC No. 6290037)
NEAL, GERBER & EISENBERG LLP
2 North LaSalle Street
Suite 2200
Chicago, Illinois 60602
(312) 269-8000